IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRUCE O'NEAL BALVIN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00414-O-BP |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the Social § | |
| Security Administration, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion to Dismiss for Failure to Join Required Party Pursuant to FRCP 19 and FRCP 12(b)(7) (ECF No. 23), filed December 21, 2017; Plaintiff's Response to Defendant's Motion (ECF Nos. 25–26), filed January 25, 2018; and Defendant's Reply in Support of her Motion (ECF No. 27), filed February 9, 2018. Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 23), and **DISMISS** Plaintiff's claims without prejudice.

**I.   BACKGROUND**

On May 19, 2017, Plaintiff Bruce O'Neal Balvin ("Plaintiff") filed a *pro se* Complaint against Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration ("Defendant"), seeking disability benefits. ECF No. 1. Thereafter, on August 23, 2017, Defendant filed her answer together with a certified copy of the administrative record. ECF Nos. 15–16. On September 22, 2017, Plaintiff filed his brief in support of his complaint. ECF No. 18. On December

21, 2017, Defendant filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 19 and 12(b)(7). ECF No. 23.

In Defendant's Motion, she argues that the brief submitted by Plaintiff on September 22, 2017, was written by Plaintiff's father because Plaintiff lacks the requisite capacity to sue and may be incompetent. *Id*. Upon review of Plaintiff's pleadings, Plaintiff's father confirms that he is filing the pleadings on behalf of the Plaintiff, his adult son. ECF Nos. 18, 25, and 29. Plaintiff's father states that his son "can't defend" himself and that Plaintiff "can not understand a lot of things." ECF No. 18 at 1–2. On March 19, 2018, the Court issued an order directing Plaintiff's father to retain legal counsel on behalf of Plaintiff for this action to proceed. ECF No. 28. Thereafter, on May 2, 2018, the Court set a hearing on Defendant's Motion to Dismiss to be held on May 11, 2018. ECF No. 30. Plaintiff's father then requested a continuance of the hearing, which the Court granted. The Court rescheduled the hearing to June 6, 2018. ECF No. 32. Although counsel for Defendant appeared for the hearing on June 6, neither Plaintiff nor Plaintiff's father appeared. Furthermore, as of today's date, an attorney has not entered an appearance on behalf of Plaintiff, no person has requested the Court to appoint a guardian ad litem to represent the interests of Plaintiff, and Plaintiff's father has not filed an appearance as next friend to properly proceed before the Court.

## II.     LEGAL STANDARD AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a claim for failure to prosecute. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). "Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*. . . ." *Id.* (citing Fed. R. Civ. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Dismissal pursuant to Rule 41(b) may be with or

without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has wholly failed to comply with all Court orders directing Plaintiff and Plaintiff's father to retain legal counsel on behalf of Plaintiff for this action to proceed. ECF No. 28. Likewise, Plaintiff failed to appear at the hearing on Defendant's Motion to Dismiss, though the Court continued the date of that hearing. "The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff decides to comply with the Court's orders and file the brief necessary for the Court to adjudicate his claims." *McMillan v. Colvin*, No. 3:12-CV-4729-N-BN, 2013 WL 5637378, at *2 (N.D. Tex. Oct. 15, 2013). Because Plaintiff has failed to follow the Court's order and failed to appear for the June 6, 2018 hearing, the case is subject to dismissal. *Choate v. Astrue*, No. 3:13-CV-0269-L (BH), 2013 WL 12129286, at *1 (N.D. Tex. July 3, 2013), *report and recommendation adopted*, No. 3:13-CV-0269-L, 2013 WL 12129287 (N.D. Tex. July 23, 2013).

In addressing Plaintiff's father's requests that this Court "overturn the money the Social Security Administration says Bruce [O'Neal] Balvin owes [back] to them," the requested relief was not a part of Plaintiff's original pleading, and thus is not properly before the Court to be considered. ECF No. 26. Plaintiff's Complaint concerns the denial of his social security benefits, and the administrative record only provides Plaintiff's appeal of the Commissioner's denial of

3

social security benefits. ECF No. 16. Nothing in Plaintiff's Complaint or the administrative record concerns the issue or appeal of the alleged overpayment of benefits made to Plaintiff. *See* ECF No. 16. If Plaintiff wishes to properly pursue this claim, he must exhaust all administrative remedies by proceeding through the process set forth by the Social Security Regulations. *See Bowen v. City of New York*, 476 U.S. 467, 482 (1986); *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Plaintiff is cautioned that although the recommended dismissal is without prejudice, the effect of dismissing this action for failure to prosecute and to obey the Court's orders may subject any subsequent complaint he files regarding the claims in the instant action to a statute of limitations defense. *Dixon v. Colvin*, No. 3:15-CV-263-B-BN, 2015 WL 899019, at *1 (N.D. Tex. Mar. 3, 2015) (citing 42 U.S.C. § 405(g) (a claimant must commence a civil action seeking judicial review of a final decision of the Commissioner "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow"); *Bowen v. City of New York*, 476 U.S. 467, 478–80 (1986) (the 60-day requirement in § 405(g) is not jurisdictional, may be waived by the parties, and is subject to the doctrine of equitable tolling)). Because Plaintiff's claims will likely be time-barred, the undersigned recommends that Judge O'Connor dismiss the case without prejudice to Plaintiff's right to reopen the case provided that he files a motion to reopen with a proper representative by legal counsel or by a party who may sue as Plaintiff's next friend, or by filing a request that the Court appoint a guardian ad litem to represent Plaintiff's interests on or before 30 days after the date of Judge O'Connor's order.

### III.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion to Dismiss (ECF No. 23), and **DISMISS without prejudice** all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 7, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE